NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY MICKENS, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 07-CV-6148 (DMC) (MF) |
| LOWE'S COMPANIES, INC., | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion of Plaintiff Tony Mickens ("Plaintiff"), asking this Court to reconsider its December 14, 2009 Order granting Defendant Lowe's Home Centers, Inc.'s ("Defendant") motion for summary judgment. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the parties' submissions, and based on the following, Plaintiff's motion for reconsideration is **denied**.

## I. BACKGROUND

The facts surrounding this matter are recited more fully in the Court's Opinion in Mickens v. Lowe's Home Centers, Inc., 2009 U.S. Dist. LEXIS 115876 (D.N.J. Dec. 14, 2009) ("Op."). Here, the Court will provide only the facts necessary to resolution of this motion for reconsideration.

### A. Procedural History

Plaintiff brought this action alleging that Defendant violated the New Jersey Law Against Discrimination ("NJLAD") when it failed to properly accommodate Plaintiff's disability prior to his

discharge. Specifically, Plaintiff claimed that Defendant failed to (1) take reasonable steps to accommodate his medical restrictions, and (2) failed to engage in an "interactive process" to determine appropriate accommodations.

On April 1, 2009, Defendant moved for summary judgment, asserting that Plaintiff failed to establish a prima facie case under the NJLAD. Defendant argued that Plaintiff was reasonably accommodated, and that Lowe's engaged Plaintiff in an interactive process to determine proper accommodations. Moreover, Defendant asserted that Plaintiff's claim must fail because he did not suffer an adverse employment action.

On December 14, 2009, the Court granted Defendant's motion for summary judgment, and on December 28, 2009, Plaintiff filed this motion for reconsideration pursuant to L. Civ. R. 7.1(i).

### B. Factual History

On January 17, 2005, Plaintiff injured his lower back while working. To accommodate Plaintiff's back injury, Defendant temporarily assigned him to a light duty position as a greeter on the day shift, and then to a light duty stocker position on the night shift. In an effort to conform Plaintiff's work assignments to his medical restrictions, Defendant gave Plaintiff modified duties. On occasions when Plaintiff was unable to complete certain tasks, Defendant would have other employees assist Plaintiff and would allow Plaintiff to work within his capacity and/or stop working on a particular assignment altogether if required.

Plaintiff's employment was terminated in June 2006, shortly after Plaintiff was involved in an altercation with another employee.

## II. **STANDARD OF REVIEW**

Motions for reconsideration are governed by L. CIV. R. 7.1(i). See U.S. v. Compaction Svs. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Rule 7.1(i) may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III. **DISCUSSION**

Plaintiff asks that this Court reconsider its Order granting summary judgment in favor of Defendant. The Court declines to do so.

Summary judgment is granted if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).

In this case, Defendant's motion for summary judgment was granted because this Court found that Plaintiff could not establish the second or third element of his prima facie case for failure to accommodate under the NJLAD. Plaintiff's prima facie case required a showing that: (1) he was disabled within the meaning of the statute, (2) despite being able to perform the essential functions of the employment position, he was not provided with reasonable accommodations in light of his disability, and (3) he suffered an adverse employment action because of the disability. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).

After reviewing the record, the Court determined that Defendant made reasonable accommodations for Plaintiff, and engaged in the interactive process to determine appropriate accommodations. Accordingly, Plaintiff failed to meet the second prong of his prima facie case. Further, the Court found that Plaintiff did not suffer an adverse employment action as a result of his disability—failing to satisfy the third prong of his prima facie case. The Court, therefore, granted Defendant's motion for summary judgment.

Plaintiff requests reconsideration of certain findings of this Court with respect to Defendant's motion for summary judgment. Specifically, Plaintiff argues that the Court erred in: **(A)** holding that after properly engaging in the "interactive process," Defendant adequately accommodated Plaintiff given his disability, and **(B)** failing to view the facts in the light most favorable to Plaintiff when it found that Plaintiff failed to establish the third element of his prima facie case.

### A. The Court Properly Determined that Plaintiff Failed to Establish the Second Element of His Prima Facie Case

Plaintiff's first argument in support of reconsideration is that the Court improperly held that Defendant "reasonably accommodated Plaintiff's disability" and "engaged in an interactive process

to determine an appropriate position for Plaintiff."

Claims for "failure to engage in the interactive process and failure to accommodate [...are] best analyzed as a single count with alternative arguments as to the second element of the prima facie case." See, e.g., Linton v. L'Oreal USA, 2009 U.S. Dist. LEXIS 25357, at *8 (D.N.J. Mar. 27, 2009). Therefore, Plaintiff needed to make a prima facie showing that there was either (1) a failure to accommodate his disability, or (2) a failure to engage in the "interactive process" in determining a proper accomodation, to satisfy the second element of his prima facie case. Even viewing the record evidence in Plaintiff's favor, he failed to do so.

### (1) Reasonable Accommodations were Made By Defendant

In his first argument in support of reconsideration, Plaintiff argues that (i) the Court misunderstood the facts, (ii) Plaintiff was required to do work in excess of his capabilities, and (iii) placing Plaintiff on the night shift was not a reasonable accommodation.

First, Plaintiff argues that the Court misunderstood certain factual underpinnings of the case and the severity of Plaintiff's injury when it stated "the Plaintiff did not recover as quickly as initially anticipated." Plaintiff incorrectly asserts that this statement indicates that the Court failed to recognize that Plaintiff was initially misdiagnosed. The Court did not misunderstand the evidence that was presented. The Court considered, in depth, all the evidence presented regarding Plaintiff's medical condition before reaching its decision.

Regardless, Plaintiff's argument that he was misdiagnosed does not change this Court's assessment of Defendant's accommodations. Defendant's burden is to reasonably accommodate Plaintiff based on its knowledge of Plaintiff's injury at the time. See Taylor v. Phoenixville Sch. Dist., 184 F. 3d 296, 311 (3d Cir. 1999) (finding that courts "must consider whether the [employer]

failed to provide reasonable accommodations...to the **known** physical or mental limitations....) (emphasis added). Defendant did so to the extent of its knowledge of Plaintiff's medical limitations.

Second, Plaintiff contends that a genuine issue of material fact exists as to whether Plaintiff was required to do work in excess of his capabilities. Plaintiff points to one particular assignment where Plaintiff was "forced to drag off [a pallet] items that were too heavy for him." This contention does not create a material issue of fact. First, as the Court previously noted, an employer will be deemed to have complied with the NJLAD by adjusting work requirements shortly after an employee makes his medical limitations known. See Jones v. Aluminum Shapes, Inc., 339 N.J. Super. 412, 426, 772 A. 2d 34 (App. Div. 2001). Even if an isolated assignment was outside of Plaintiff's restrictions, the temporary assignment—which Plaintiff admits he could freely refuse to do—does not entirely negate Defendant's long-term efforts to provide an appropriate accommodation. See Baker v. Hunter Douglas, 2008 U.S. App. LEXIS 5807, at *8 (3d. Cir. N.J. 2008). The Court emphasizes that the evidence of record, including Plaintiff's own testimony, shows that whenever Plaintiff was unable to perform a task, he was permitted to stop without facing any repercussions. The Court was correct in finding that Plaintiff was not required to work beyond his restrictions.

Third, Plaintiff reargues his contention that Defendant's decision to place Plaintiff back on the night shift was not a reasonable accommodation. As the Court previously stated, however, Plaintiff is not entitled to provide his own "definition of accommodation," and is not "entitled to the job of [his] choice—including hours and type of work." See Blizzard v. Exel Logistics N. Am., Inc., 2005 U.S. Dist. LEXIS 28160, at *42-43 (D.N.J. Nov. 15, 2005). Plaintiff's attempt to distinguish this case from Blizzard is unavailing. Plaintiff argues that Defendant here failed to offer Plaintiff any adjustment to his job duties. As the facts here clearly demonstrate, however, Defendant created

a light duty position for Plaintiff during the shift for which he was originally hired (i.e., the night shift). While the day shift may have been Plaintiff's preference, he was not restricted to working a day shift, and Defendant was under no obligation to place him in such a position. The employer providing an accommodation has the ultimate discretion to choose between effective accommodations. Plaintiff's night-shift position was not as unreasonable accommodation. See Jones, 339 N.J. Super at 426 ("[T]he language [of the NJLAD] makes it plain that the phrase "reasonable accommodation" refers to the duty of an employer to attempt to accommodate the physical disability of the employee, not to a duty on the part of the employer to acquiesce to the disabled employee's requests for certain benefits or remuneration."). Creating a light duty position on the night shift was a reasonable accommodation by Defendant, despite Plaintiff's efforts to get moved to the day shift.

The Plaintiff has failed to establish any change in law, produce new evidence, or show any manifest injustice with respect to the Court's decision that Defendant made reasonable accommodations in light of Plaintiff's disability.

*(2) The Defendant Engaged in the "Interactive Process"*

In addition to determining that Defendant made reasonable accommodations, the Court also found that Defendant engaged in the "interactive process" through its ongoing good faith effort to assist Plaintiff in seeking accommodations.[1]

---

[1] To establish that Defendant failed to engage in the interactive process, a plaintiff must show that: (1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith. Tynan v. Vicinage, 351 N.J. Super. 385, 400-01, 798 A.2d 648 (App. Div. 2002).

Plaintiff argues that Defendant ignored Plaintiff's own requests for accommodations, only considering doctor's notes. This is incorrect. As the record clearly shows, Plaintiff spoke with Oscar Pratts, a store manager, about his physical restrictions.

In any case, the correspondence between Plaintiff's doctors and Defendant illustrates the parties' engagement in an interactive process. The medical limitations that were conveyed to Defendant impacted the assignments Plaintiff was given. The fact that Plaintiff was permitted to repeatedly "opt-out of [] assignment[s] that he was unable to perform is an entirely appropriate accommodation, and speaks to Defendant's receptiveness of Plaintiff's medical limitations." (Op. at 26). That is, the flexible arrangement between Plaintiff and Defendant evidences an interactive process.[2]

Based on the evidence provided, including Plaintiff's own testimony that his managers attempted to follow his medical restrictions and "advised him to work within his capabilities,"[3] this Court correctly determined that Defendant reasonably accommodated Plaintiff.

### B. Plaintiff Failed to Establish the Third Element of His Prima Facie Case

Plaintiff also asserts that the Court's determination that he failed to establish the third element of his prima facie case was flawed. Although the Court has already determined that

---

[2] An isolated incident of Plaintiff having difficulty with a task does not negate the interactive process. See Baker, 270 Fed. Appx. 159, at *8 (A "temporary assignment, even if outside of Plaintiff's restrictions, is not alone sufficient to entirely negate Defendant's long-term efforts to provide an appropriate accommodation.").

[3] Plaintiff also admitted that: he was never required to lift above his weight restrictions; he was told by Defendant "we're going to work with you" (i.e., within your restrictions); he was told "do what you can do"; he was never prevented from sitting and using a chair while working; and, critically, he was never prevented from taking a break or even leaving early if he felt tired or was in pain. See Def.'s Summary Judgment Br. at 1-2.

Plaintiff's case fails at the second step, the Court also notes that Plaintiff's claim fails at step three.

In its initial decision, the Court found that Plaintiff failed to establish a causal connection between Plaintiff's firing and his disability. Plaintiff asserted that Defendant's claim that Plaintiff was terminated for his involvement in an altercation with Zach Holmes was pretextual, and he was actually terminated due to his disability. The Court found no evidence in the record in support of this assertion. Defendant accommodated Plaintiff despite his physical limitations for over a year—by offering him light duty assignments, extended medical leave and continuous modifications to his assignments. In light of this history of accommodation, and the undisputed fact that Plaintiff was fired after an altercation with a co-worker, there is no basis to find that Plaintiff was dismissed because of his disability.

There is no evidence demonstrating that Plaintiff was discharged for anything other than insubordination (indeed, Plaintiff does not dispute his extensive disciplinary history, which includes verbal altercations on the job and numerous negative performance evaluations).[4] Plaintiff's unsupported allegations to the contrary do not compel a different finding, as the Court need not simply accept bald allegations or legal conclusions as true. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Plaintiff did not show a causal connection between his termination and his disability status, and the Court correctly found that Plaintiff did not establish the third prong of his prima facie case.[5]

---

[4] Such disciplinary sanctions do not constitute adverse employment actions. See Sconfienza v. Verizon Pa., Inc., 307 Fed. Appx. 619, 2008 U.S. App. LEXIS 24740, at *6 (3d Cir. 2008) (first step of disciplinary procedure not adverse employment action).

[5] In its initial Opinion, the Court stated that Plaintiff's explanation as to the reasons for his firing was not "credible." The Court was referring to Plaintiff's conclusory arguments on the point, and was not making a credibility determination at summary judgment stage.

## IV. CONCLUSION

Plaintiff has not demonstrated that there was an intervening change in the controlling law, that evidence not previously available has become available, or that the district court's decision was based on a clear error of law or resulted in manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Accordingly, Plaintiff's motion for reconsideration is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date: July 2, 2010
Orig.: Clerk's Office
cc: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File